IN THE SUPREME COURT OF APPEALS OF WEST VIRGINIA

September 2013 Term

**FILED**

**November 6, 2013**

released at 3:00 p.m.
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

No. 12-0042

DOUGLAS W. WILSON, II, AND JOELLEN WILSON,
Petitioners Below, Petitioners

v.

JOHNNY L. STAATS AND LORI A. STAATS,
Respondents Below, Respondents

Appeal from the Circuit Court of Jackson County
The Honorable Thomas C. Evans, III, Judge
Civil Action No. 09-C-5

AFFIRMED

Submitted October 15, 2013
Filed: November 6, 2013

Lee F. Benford, II, Esq.
Ripley, West Virginia
Counsel for Petitioners

Leah R. Chappell, Esq.
Adams, Fisher & Chappell, PLLC
Ripley, West Virginia
Counsel for Respondents

The Opinion of the Court was delivered PER CURIAM.

SYLLABUS BY THE COURT

1. "This Court reviews the circuit court's final order and ultimate disposition under an abuse of discretion standard. We review challenges to findings of fact under a clearly erroneous standard; conclusions of law are reviewed *de novo*." Syl. Pt. 4, *Burgess v. Porterfield*, 196 W.Va. 178, 469 S.E.2d 114 (1996).

2. "There are two forms of implied easements: an easement implied by necessity (which in West Virginia is called a 'way of necessity'), and an easement implied by a prior use of the land (also called an easement implied from a 'quasi-easement')." Syl. Pt. 3, *Cobb v. Daugherty*, 225 W.Va. 435, 693 S.E.2d 800 (2010).

3. "To establish an easement implied by necessity (which in West Virginia is called a "way of necessity"), a party must prove four elements: (1) prior common ownership of the dominant and servient estates; (2) severance (that is, a conveyance of the dominant and/or servient estates to another); (3) at the time of the severance, the easement was strictly necessary for the benefit of either the parcel transferred or the parcel retained; and (4) a continuing necessity for an easement." Syl. Pt. 4, *Cobb v. Daugherty*, 225 W.Va. 435, 693 S.E.2d 800 (2010).

i

4.  "'The burden of proving an easement rests on the party claiming such right and must be established by clear and convincing proof.'  Syllabus point 1, *Berkeley Development Corp. v. Hutzler*, 159 W.Va. 844, 229 S.E.2d 732 (1976)."  Syl. Pt. 2, *Cobb v. Daugherty*, 225 W.Va. 435, 693 S.E.2d 800 (2010).

5.  "'The law does not favor the creation of easements by implied grant or reservation.'  Syllabus point 1, *Stuart v. Lake Washington Realty*, 141 W.Va. 627, 92 S.E.2d 891 (1956)."  Syl. Pt. 1, *Cobb v. Daugherty*, 225 W.Va. 435, 693 S.E.2d 800 (2010).

Per Curiam:

This is an appeal by Douglas W. Wilson, II, and Joellen Wilson (hereinafter "the petitioners") from an order of the Circuit Court of Jackson County, West Virginia, denying the petitioners' request for injunctive relief. The petitioners contend that the circuit court erred in failing to find an express or implied easement across the property of Johnny L. Staats and Lori A. Staats (hereinafter "the respondents"). Based on the parties' briefs, the appendix record designated for our consideration, and the pertinent authorities, we affirm the rulings made by the lower court.

I. Factual and Procedural History

The petitioners and the respondents own adjoining parcels of property in Sandyville, Jackson County, West Virginia. These properties were originally derived from the same parent tract but were divided into individual parcels prior to the time the respondents and the petitioners purchased their separate properties. Both parcels are subject to separate gas leases executed in 1990 between the parties' predecessors in title and Peake Energy, as lessee. The leasehold properties were also unitized to form a drilling unit in 1990. The respondents purchased their property in 1997, and the petitioners purchased their property in 1998.

1

A producing gas well, identified as PKE Well No. 752, was thereafter drilled on a property adjoining the respondents' property, the owners of which are not parties to this action.[1]  In 2000, the petitioners and the respondents learned of their entitlement to free gas for residential use from PKE Well No. 752.  In order to access this gas, the petitioners obtained permission from the respondents to install a gas line across the respondents' property.  The parties signed June 27, 2000, and July 11, 2000, written agreements providing that the respondents would allow the petitioners to install the pipeline across the respondents' property with the understanding that no "binding Right of Way" would be created across the respondents' property and that the line would be "moved in the event of any building purposes in the future."

The petitioners installed the gas line and used it to obtain free gas until 2008. By letter dated December 12, 2008, the respondents demanded that the petitioners remove the gas line from the respondents' property no later than January 30, 2009.[2]  In response, the petitioners refused to remove the gas line and filed a civil action seeking temporary and

[1]The property on which the gas well is located adjoins the respondents' land but not the petitioners' land.

[2]The respondents apparently plan to build a new residence on their property, and they contend that the gas line must be removed to accommodate either the new residence itself or the driveway to the residence.

permanent injunctive relief which would permit the petitioners to maintain the gas line until the well was plugged and abandoned.

A temporary injunction was granted, and the case proceeded to bench trial in the circuit court on May 19, 2011. By order dated September 6, 2011, the circuit court found that permission to cross the respondents' property had been properly withdrawn and that the petitioners had no easement or continuing right to cross the respondents' property. The circuit court consequently ordered the petitioners to remove the gas line. The petitioners' motion for new trial and to amend judgment was denied by order entered December 9, 2011, and the petitioners now appeal to this Court.

## II. Standard of Review

This Court's standard for reviewing the circuit court's order is as follows: "This Court reviews the circuit court's final order and ultimate disposition under an abuse of discretion standard. We review challenges to findings of fact under a clearly erroneous standard; conclusions of law are reviewed *de novo*." Syl. Pt. 4, *Burgess v. Porterfield*, 196 W.Va. 178, 469 S.E.2d 114 (1996). With that standard as guidance, this Court addresses the petitioners' assignments of error.

3

III.  Discussion

The petitioners assign the following errors: (1) the lower court erred in failing to find that the petitioners had a leasehold easement of necessity as a result of the subject parcels being derived from the same parent tract of real estate and being a part of a unitized drilling unit pursuant to the subsisting oil and gas leases; and (2) the lower court erred in failing to find that the petitioners had an implied leasehold easement as a result of the same circumstances.

This Court clarified the law on implied easements in the recent opinion of *Cobb v. Daugherty*, 225 W.Va. 435, 693 S.E.2d 800 (2010).[3]  In *Cobb*, this Court addressed an argument by property owners that they had an easement by implication over another property owner's land.  This Court found that no easement existed in that case and explained

---

[3]In *Cobb*, this Court directed attention to a comprehensive article explaining the law of easements.

> A lawyer desiring to understand the complicated law of easements in West Virginia should start by reading a recent article by Dean John W. Fisher, II, "*A Survey of the Law of Easements in West Virginia*," 112 W.Va.L.Rev. 637 (2010). This article untangles the loosely written and confusing decisions of this Court of the late 1800s and early 1900s, decisions which sought to reach equitable results in fact-specific cases.

225 W.Va. at 441, 693 S.E.2d at 806.

4

in syllabus point three that "[t]here are two forms of implied easements: an easement implied by necessity (which in West Virginia is called a 'way of necessity'), and an easement implied by a prior use of the land (also called an easement implied from a 'quasi-easement')." *Id*. at 438, 693 S.E.2d at 803. As we emphasized in *Cobb*, "[b]oth types of implied easements arise from some necessity created at the time of the division of an original tract of land into two or more parcels." *Id*. at 442, 693 S.E.2d at 807.

This Court articulated the requirements for an easement by necessity in syllabus point four of *Cobb*, as follows:

> To establish an easement implied by necessity (which in West Virginia is called a "way of necessity"), a party must prove four elements: (1) prior common ownership of the dominant and servient estates; (2) severance (that is, a conveyance of the dominant and/or servient estates to another); (3) at the time of the severance, the easement was strictly necessary for the benefit of either the parcel transferred or the parcel retained; and (4) a continuing necessity for an easement.

*Id*. at 438, 693 S.E.2d at 803. In addressing allegations of the existence of an easement, this Court also explained that "[t]he burden of proving an easement rests on the party claiming such right and must be established by clear and convincing proof." *Id*. at syl. pt. 2.

In their first assignment of error, the petitioners in the present case assert that the lower court should have ruled that an easement by necessity exists. As the respondents properly contend, however, the petitioners' argument fails on prongs three and four of the

5

requirements articulated in syllabus point four of *Cobb*. The evidence of record clearly indicates that although there was prior common ownership of both properties before the parties purchased the properties, "at the time of the severance," an easement was not "strictly necessary for the benefit of either" parcel, and there is no continuing necessity for an easement. *Id.* at 438, 693 S.E.2d at 803, syl. pt. 4. At the time of the severance, the unitization agreement and the producing gas well did not exist, and there was consequently no need for an easement. An implied easement by necessity cannot be found under such circumstances.

In their second assignment of error, the petitioners assert that an implied easement exists based upon the unitized gas lease and the petitioners' receipt of free gas from the neighboring gas well. The petitioners have not cited any legal authority for that proposition, and their attorney conceded during oral argument that no such authority had been located. The lower court found, and the petitioners do not refute, that the leases in question do not expressly or impliedly grant any lessor an interest in the lands of the lessor's neighbors or an easement for passage across the lands of neighbors. The lower court found that the leases are silent on the issue of how each lessor may potentially transport gas from the well head to a lessor's dwelling. Thus, the circuit court properly found that no implied easement exists.

6

Based upon this Court's review, we find that the circumstances of this case, undisputed by the parties, compel only one possible conclusion. The petitioners' only legal right to cross the respondents' property derived from the written agreement between the petitioners and respondents to permit the petitioners to place a gas line across the respondents' property. Such permission was subsequently revoked by the respondents in a manner contemplated by the written agreement. As the circuit court found, the existence of that permission, later withdrawn, can by no means be construed as an easement and must be characterized as a license.[4] The circuit court premised its determination upon well-established principles distinguishing between an easement and a license, as adeptly explained by this Court in *Cottrell v. Nurnberger*, 131 W.Va. 391, 47 S.E.2d 454 (1948), as follows:

> Though the distinction between an easement and a license may, in a particular instance, be difficult to determine and has given rise to many conflicting decisions involving that question, the essential characteristics of the two are materially different. An easement creates an interest in land; a license does not, but is a mere permission or personal and revocable privilege which does not give the licensee any estate in the land.

*Id.* at 395, 47 S.E.2d at 456 (citations omitted).

As this Court articulated in syllabus point one of *Cobb*, "'[t]he law does not favor the creation of easements by implied grant or reservation.' Syllabus point 1, *Stuart v.*

---

[4]The circuit court held as follows: "The gas line laid across the Respondents' property by the Petitioners, with the Respondents' express permission, with no consideration paid by the Petitioners and with no writing granting the Petitioners any interest in the Respondents' lands, constitutes a license, not an easement, and may be revoked by the Respondents."

*Lake Washington Realty*, 141 W.Va. 627, 92 S.E.2d 891 (1956)." 225 W.Va. at 438, 693 S.E.2d at 803, syl. pt. 1. "Courts must be very careful before decreeing upon one man's land in favor of another without compensation such an encumbrance as a way, permanently impairing that man's dominion and ownership, which next to life and liberty, is the most valuable of rights inhering in the citizen." *Id.* at 442, 693 S.E.2d at 807 (citations omitted).

In the present case, this Court discerns neither evidence nor legal authority supporting the petitioners' claim that they have any easement, express or implied, across the respondents' property. The petitioners' license to cross the respondents' property was properly terminated by the respondents.

IV. Conclusion

For the reasons stated above, this Court affirms the orders of the Circuit Court of Jackson County entered September 6, 2011, and December 9, 2011, finding that the petitioners are not entitled to any easement across the respondents' property and requiring removal of the gas line from the respondents' property.

Affirmed.